IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID CRAIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 05 C 0172 |
| CHICAGO POLICE OFFICERS, J.A. ) | |
| HUAYAMAVE, J. ARROYO, J.M. ) | |
| UZUBELL, M.S. JANUS; and CITY OF ) | |
| CHICAGO, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff David Craig brings this four-count Complaint alleging excessive force, due process violations, conspiracy, and a state law malicious prosecution claim against Chicago Police Officers J.A. Huayamave, J. Arroyo, J.M. Uzubell, M.S. Janus, and the City of Chicago. Before the Court is Defendants Huayamave's and Janus's Partial Motion to Dismiss Counts II and IV pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Defendants' motion to dismiss.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the merits of the case. *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957)). When

determining a motion to dismiss, the Court is restricted to reviewing the pleadings, which consist of the complaint, any attached exhibits, and the supporting briefs. *See Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *Centers*, 398 F.3d at 333.

## BACKGROUND

The relevant facts alleged in Craig's Complaint, and regarded as true for the purposes of this motion, are as follows: On March 5, 2004 at about 1:30 a.m., several police officers, including Defendant Officers Huayamave, Arroyo, Uzubell, and Haleas, approached Craig, pushed him against a chain link fence, took him down to the ground, and then arrested him. (R. 1-1, Compl. ¶¶ 5, 6.) The officers placed Craig in a squadrol where his hands remained handcuffed behind his back. (*Id.* ¶ 7.) Officer Janus entered the squadrol and proceeded to hit Craig in the eye with his fist while Craig remained handcuffed. (*Id.* ¶ 8.) Officer Janus then threw Craig on the ground and the other officers proceeded to kick and beat Craig. (*Id.*)

Craig further alleges that Defendants caused false charges of resisting/obstructing an officer and battery to be filed against him. (*Id.* ¶ 10.) Subsequently, in April 2004, Huayamave and Janus falsely filed an amendment to the resisting arrest charge by stating that Craig was "flailing his arms and pushing the P.O. off him." (*Id.* ¶ 11.) In or about April 2004, Huayamave and Janus filed a false amendment to the battery charge stating that Craig "struck the victim [Janus] with his fists and kicked the victim with his legs repeatedly, causing P.O. Janus' knuckle to shatter." (*Id.* ¶ 12.) Craig further alleges that in December of 2004, Janus filed another false amendment to the battery charge by crossing out the previous amendment and substituting that

Craig "kicked PO Janus in the chest and hit PO Janus about the chest with his hands causing bruising and swelling." (*Id.* ¶ 13.)

On or about December 13, 2004, Craig stood trial for the resisting and/or obstructing arrest and battery charges and the jury found him not guilty. (*Id.* ¶ 14.) Because of the acts and omissions of Defendants, Craig alleges that he sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering. (*Id.* ¶ 15.)

On January 11, 2005, Craig filed the a four-count Complaint against the City of Chicago and Chicago Police Officers Huayamave, Arroyo, Uzubell, Haleas, and Janus seeking to recover for violations of his rights under the federal constitution and Illinois state law. In his Complaint, Craig asserts Counts I and III against all of the individual Defendants for excessive force and conspiracy. In Count II, Craig alleges a due process claim against Defendants Huayamave and Janus only. Finally, in Count IV, Craig brings a malicious prosecution claim under Illinois law against Officers Janus and Huayamave and the City of Chicago.

## **ANALYSIS**

**I.    Count II – Due Process Violation**

In Count II of the Complaint, Craig alleges a due process claim against Huayamave and Janus in violation of 42. U.S.C. § 1983. Section 1983 provides a cause of action against any person who, acting under color of state law, deprives another person of a right, privilege, or immunity secured by the United States Constitution or federal laws. *See* 42 U.S.C. § 1983; *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005). The standards for a successful Section 1983 claim against local police officers are well known. *Ienco v. City of Chicago*, 286 F.3d 994, 997-98 (7th Cir. 2002). To prove an officer's liability, a plaintiff must show that (1) the officer

deprived the plaintiff of a federal right and (2) the officer was acting under color of state law at the time of the deprivation. *Id.*

Here, Craig alleges that Huayamave and Janus deprived him of his due process right to a fair criminal trial on the charges of battery and resisting arrest and/or obstructing justice. Specifically, Craig alleges that Huayamave and Janus submitted false charges in the criminal complaints, false amendments to the charges, and false police reports. Craig further alleges that Defendants withheld exculpatory evidence from the prosecution.

Defendants, however, argue that Craig has not sufficiently alleged a denial of his due process rights to a fair trial because the decision to charge a criminal defendant and proceed to trial falls solely within the discretion of the prosecutor, not the police. In *Brady v. Maryland*, the Supreme Court held that a prosecutor's failure to disclose favorable, material evidence violates a defendant's procedural due process rights. 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963). Police officers, however, may face liability for a *Brady* violation when they fabricate inculpatory evidence or conceal exculpatory evidence. *Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001). Therefore, Defendants' assertion that Craig cannot bring his due process claim based on *Brady* is without merit. *See id.*; *see also Manning v. Miller*, 355 F.3d 1028, 1032 (7th Cir. 2004) (duty to turn over exculpatory evidence applies to police officers as well as prosecutors).

Accordingly, the Court turns to whether Craig has sufficiently alleged a *Brady* claim against Officers Huayamave and Janus. To establish a *Brady* claim, Craig must allege that (1) the evidence at issue was favorable to him, that is, either exculpatory or impeaching; (2) the state suppressed the evidence, either willfully or inadvertently; and (3) prejudice resulted from the state's actions. *Strickler v. Greene*, 527 U.S. 263, 281-82, 144 L. Ed. 2d 286, 119 S. Ct. 1936

(1999). Craig alleges that Huayamave and Janus failed to disclose exculpatory evidence and submitted false police reports. (Compl. ¶ 23.) Craig also alleges that Huayamave and Janus acted intentionally in concealing exculpatory evidence and in submitting fabricated evidence. (Compl. ¶¶ 23, 24.) These allegations satisfy the first two elements of a *Brady* claim.

Regarding the third element of a *Brady* claim, Plaintiff must allege that the officers' failure to disclose exculpatory evidence and their false police reports prejudiced him in some way. *See Strickler,* 527 U.S. at 282. One measure of prejudice is whether the outcome of the proceeding would have been different had the officers provided the exculpatory evidence. *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Given that Craig's trial ended in acquittal and that his allegations pertain to the officers' conduct, not the prosecutor's conduct, the appropriate measure of prejudice is whether the disclosure of the exculpatory evidence and the truth of the fabricated evidence would have prevented the prosecutor from instituting the charges against Craig and proceeding with the prosecution. *Jones v. City of Chicago*, 856 F.2d 985, 993 (7th Cir. 1988) ("jury was entitled to find that had it not been for the misconduct of the defendants, Jones would neither have been arrested nor charged"); *see also Carroccia v. Anderson,* 249 F. Supp.2d 1016, 1021 (N.D. Ill. 2003) ("trial is not rendered fair simply because it ultimately results in an acquittal").

Officers Huayamave's and Janus's argument that Craig's acquittal obviates his due process claim because the alleged misconduct had no prejudicial impact fails. Nonetheless, in support of their argument, the officers rely on *Christman v. Hanrahan*, 500 F.2d 65, 67 (7th Cir. 1974), and *Gregory v. Oliver*, 226 F.Supp.2d 943, 953-954 (N.D. Ill. 2002) (Shadur, J.).[1] In

---

[1] In their reply brief, Officers Huayamave and Janus contend that Craig has failed to allege a due process violation because the criminal complaints against him were not withheld

*Christman*, the prosecution and police officers suppressed exculpatory evidence during the early stages of a murder trial. *Id*. at 66. After the prosecution revealed the exculpatory evidence to the district court and jury during trial, the jury acquitted the defendant. *Id.* When the accused later attempted to bring a claim for prosecutorial misconduct, the district court dismissed the action and the Seventh Circuit affirmed on appeal. *Id*. The Seventh Circuit concluded that, based on the trial in its entirety, the untimely disclosure of the exculpatory evidence did not violate the plaintiff's procedural due process right to a fair trial because the prosecutor disclosed the suppressed evidence before the end of trial and the jury found plaintiff not guilty. *Id.*

The *Christman* decision is distinguishable from the case at bar because, here, the police officers, not the prosecutor, allegedly withheld the exculpatory evidence and fabricating inculpatory information. As the Seventh Circuit in Newsome explained:

> If officers are not candid with prosecutors, then the prosecutors' decisions – although vital to the causal chain in a but-for sense – are not the important locus of action. Pressure must be brought to bear elsewhere. Prosecutors kept in the dark by the police ... won't improve their performance with or without legal liability for their conduct. Requiring culpable officers to pay damages to the victims of their actions, however, holds out promise of both deterring and remediating violations of the Constitution.

*Newsome*, 256 F.3d at 752.

Similarly, the Seventh Circuit addressed a claim where police officers had fabricated evidence and concealed exculpatory information in *Jones v. City of Chicago*. The court concluded that the officers' misconduct could have injured the plaintiff if the alleged misconduct influenced the prosecutor's decision to file charges or take a case to trial. *Jones v. City of Chicago*, 856 F.2d at 993. The Seventh Circuit articulated:

---

from him. Because Defendants raise this argument for the first time in their reply brief, they have waived this argument. *See United States v. Harris,* 394 F.3d 543, 559 (7th Cir. 2005).

> But the jury could find that the defendants systematically concealed from the prosecutors, and misrepresented to them, facts highly material to – that is, facts likely to influence – the decision whether to prosecute Jones and whether (that decision having been made) to continue prosecuting him right up to and into the trial. If the prosecutors had known of [the material] evidence, they would almost certainly have dropped the charges against Jones before trial. Indeed, he might never have been charged in the first place if the prosecutors had known the facts militating against Jones's guilt.... The jury was entitled to find that had it not been for the misconduct of the defendants, Jones would neither have been arrested nor charged.

*Id.*

Based on the *Jones* and *Newsome* decisions, the Court cannot conclude that Craig's acquittal is fatal to his due process claim against Officers Huayamave and Janus. *See Carroccia,* 249 F. Supp.2d at 1021 (constitutionally unfair trial can still result in acquittal); *Kidd v. City of Chicago,* No. 02 C 9534, 2003 WL 22243938, at 2 (N.D. Ill. Sept. 26, 2003) ("Fourteenth Amendment guarantees due process not due results"); *Corbett v. White*, No. 00 C 4661, 2001 WL 1098054, at 5 (N.D. Ill. Sept. 17, 2001) (acquitted defendant properly alleged procedural due process violation against police officers).

Huayamave's and Janus's reliance on *Gregory v. Oliver*, 226 F.Supp.2d 943, 953-954 (N.D. Ill. 2002), is also misplaced. In *Gregory*, after a bench trial, the state court acquitted the accused of possession charges. *Id.* at 946. The accused brought a due process claim in federal court against the officers involved in his arrest for failure to disclose exculpatory evidence to the prosecutor. *Id.* at 945. The defendants moved for summary judgment and the district court granted their motion concluding that the withheld evidence was not material under *Brady* because there was no probability that the outcome would have been different had the prosecutor disclosed the evidence to the defense. *Id.* at 953. In making this determination, the district court

noted that the plaintiff made no effort to inquire whether the prosecutor would have instituted the proceedings had she been provided with the exculpatory information. *Id.* at 954.

The *Gregory* court ruled on a motion for summary judgment, not a motion to dismiss, concluding that the plaintiff failed to establish a factual dispute. *See id.* Here, the Court looks to whether Craig has alleged sufficient facts to put Huayamave and Janus on notice of the claims against them. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 512, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002) (citing Federal Rule of Civil Procedure 8(a)(2)). Craig has met this threshold because he alleges that he suffered prejudice when he was required to defend the false charges against him. (Compl. ¶ 17.) Viewing the allegations in the light most favorable to Plaintiff, Craig's allegations also state a claim under Section 1983. The Court, therefore, denies the officers' motion to dismiss Count II of the Complaint.

## II. Count IV – Malicious Prosecution

In Count IV, Craig alleges a claim of malicious prosecution under Illinois law. To successfully assert a claim for malicious prosecution, Craig must allege the following: (1) the institution and prosecution of judicial proceedings by defendants; (2) a lack of probable cause for those proceedings; (3) malice in instituting the judicial proceedings; (4) termination of the judicial proceeding in his favor; and (5) damage or injury suffered from the judicial proceedings. *Cult Awareness Network v. Church of Scientology Int'l,* 177 Ill.2d 267, 272, 226 Ill.Dec.604, 685 N.E.2d 1347, 1350 (1997); *Reed v. Doctor's Assocs., Inc.,* 355 Ill.App.3d 865, 873, 291 Ill.Dec. 848, 824 N.E.2d 1198 (Ill.App.Ct. 2005). Craig has alleged all five elements of a malicious prosecution claim. (Compl. ¶ 30.)

Although the state prosecuted Craig for resisting and/or obstructing arrest and battery, Defendants seek to dismiss Craig's malicious prosecution claim because they contend that they

had probable cause to arrest Craig for the uncharged offense of criminal trespass. *See Aboufariss v. City of DeKalb,* 305 Ill.App.3d 1060, 239 Ill.Dec. 273, 713 N.E.2d 804 (1999), (probable cause constitutes absolute bar to malicious prosecution claim). Defendants argue that because they had probable cause to arrest Craig for criminal trespass, whether they had probable cause to arrest Craig for battery and resisting and/or obstructing arrest does not matter. *See Devenpeck v. Alford,* ___ U.S. ___, 125 S.Ct. 588, 593-95, 160 L.Ed.2d 537 (2004). In support of their argument, Defendants attach a criminal trespass complaint against Craig, although Craig was never charge with this misdemeanor, and ask the Court to take judicial notice of this attachment.

When a defendant attaches a document to a motion to dismiss, the Court will only consider the document if the plaintiff refers to the document in his complaint and the document is central to the plaintiff's claim. *Venture Assoc. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993). If the attached document does not satisfy these requirements, the Court may convert the defendant's motion to dismiss into a summary judgment motion and consider the outside document. *See id.* Courts have carved out a narrow exception to this rule by allowing for judicial notice of matters of public record. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Thus, a court may take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute" and either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* at 1080-81 (citation omitted).

Here, Craig does not refer to the criminal trespass complaint in the present Complaint and the Court declines to convert this motion to dismiss into a summary judgment motion. *See*

*Venture Assoc. Corp,* 987 F.2d at 431. The Court thus turns to whether judicial notice of the trespass complaint is determinative.

Defendants contend that the trespass complaint is clearly what it is purports to be – a complaint against Craig for trespass to land that was signed by a third-party complainant, Gus Barbo, an agent of Rosa's Blue's Club. Barbo signed the complaint on March 5, 2004, the day of Craig's arrest. From Defendants' legal memoranda and the trespass complaint, it appears that the officers did not arrest Craig pursuant to an arrest warrant. Although the Clerk of the Circuit Court of Cook County signed the misdemeanor complaint, Defendants do not indicate whether there was a judicial determination of probable cause to arrest Craig. In fact, the section of the complaint stating: "I have examined the above complaint and the person presenting the same and have heard evidence, thereon, and am satisfied that there is probable cause for filing same" was left blank.

Viewing the facts and inferences in a light most favorable to Craig, a judicial officer did not make a probable cause determination to arrest Craig for criminal trespass. Therefore, Defendants are asking the Court to determine whether they had probable cause to arrest Craig based on the Barbo complaint. Normally, courts cannot determine probable cause at this stage of the proceedings. *See Neiman v. Keane,* 232 F.3d 577, 582 (7th Cir. 2000) (question of whether probable cause exists typically falls within province of jury); *Fabiano v. City of Palos Hills,* 336 Ill.App.3d 635, 642, 271 Ill.Dec. 40, 784 N.E.2d 258 (Ill.App.Ct. 2003) ("Whether a statement bears sufficient indicia of reliability to support a finding of probable cause in a malicious prosecution case is a question of fact to be resolved by the jury."). As the *Neiman* decision instructs, whether probable cause exists is a jury question unless there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from the facts. *Id.*

Defendants do not explain why the attached misdemeanor complaint establishes that there is no room for a difference of opinion concerning the facts supporting probable cause to arrest Craig. *See id.* In other words, Defendants have not established that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers*, 398 F.3d at 933.

As such, under Rule 8(a)(2), Craig is only required to allege a short and plain statement that he is entitled to relief, which he has done. The Court denies Defendants' motion to dismiss Count IV of the Complaint.

## **CONCLUSION**

For these reasons, the Court denies Defendants Huayamave's and Janus's motion to dismiss to Count II and Count IV of the Complaint.

Dated: June 9, 2005

                                    **ENTERED**

                                    **AMY J. ST. EVE**
                                    **United States District Court Judge**